**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| INNOVATIO IP VENTURES, LLC,<br><br>      Plaintiff,<br><br>**v.**<br><br>TEXAS INSTRUMENTS<br>INCORPORATED,<br><br>      Defendant. | **Case No. 14-cv-01544**<br><br>**Jury Trial Demanded** |

**ANSWER AND COUNTERCLAIMS**
**OF TEXAS INSTRUMENTS INCORPORATED**

Defendant Texas Instruments Incorporated ("TI") hereby responds to the Complaint of

Plaintiff Innovatio IP Ventures, LLC ("Innovatio") as follows:

**INNOVATIO'S ALLEGATIONS REGARDING THE PARTIES**

1.      Innovatio is a limited liability company organized under the laws of the State of Delaware with a place of business at 22 West Washington Street, Suite 1500, Chicago, Illinois 60602.

**ANSWER:**    TI is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 1 of the Complaint, and therefore denies

same.

2.      On information and belief, TI is a corporation organized under the laws of the State of Delaware with a principal place of business at 12500 TI Boulevard, P.O. Box 660199, Dallas, Texas 75266-0199.

**ANSWER:**    Admitted.

**INNOVATIO'S ALLEGATIONS REGARDING JURISDICTION AND VENUE**

3.      This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 et seq. The Northern District of Illinois has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER:** TI admits that the Complaint purports to state a claim for patent infringement arising under the Patent Laws of the United States, but denies that the claim has any merit. TI admits that the Northern District of Illinois has jurisdiction over the subject matter of this action

4. The Northern District of Illinois has personal jurisdiction over TI.

**ANSWER:** Admitted.

5. Venue for this action is proper in the Northern District of Illinois pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**ANSWER:** TI admits that venue is proper in this district pursuant to 28 U.S.C. §§ 1391 and 1400(b), but denies that venue is convenient.

## INNOVATIO'S ALLEGATIONS REGARDING TI'S ALLEGED INFRINGEMENT OF INNOVATIO IP'S PATENT

6. On February 24, 2004, the USPTO duly and legally issued U.S. Patent No. 6,697,415 ("the '415 Patent") titled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission." A copy of the '415 Patent is attached as Exhibit A.

**ANSWER:** TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No. 6,697,415 ("the '415 Patent") on February 24, 2004, that the '415 patent is titled "Spread Spectrum Transceiver Module Utilizing Multiple Mode Transmission," and that a copy of the '415 patent was attached to the Complaint as Exhibit A. Otherwise, TI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6, and therefore denies same.

7. On December 1, 1998, the USPTO duly and legally issued U.S. Patent No. 5,844,893 ("the '893 Patent") titled "System For Coupling Host Computer Means With Base Transceiver Units On A Local Area Network." A copy of the '893 Patent is attached as Exhibit B.

**ANSWER:** TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No. 5,844,893 ("the '893 Patent") on December 1, 1998, that the '893 patent is titled "System For

Coupling Host Computer Means With Base Transceiver Units On A Local Area Network," and that a copy of the '893 patent was attached to the Complaint as Exhibit B. Otherwise, TI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and therefore denies same.

8.      On April 14, 1998, the USPTO duly and legally issued U.S. Patent No. 5,740,366 ("the '366 Patent") titled "Communication Network Having Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '366 Patent is attached as Exhibit C.

**ANSWER:**     TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No. 5,740,366 ("the '366 Patent") on April 14, 1998, that the '366 patent is titled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery," and that a copy of the '366 patent was attached to the Complaint as Exhibit C. Otherwise, TI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 8, and therefore denies same.

9.      On March 29, 2011, the USPTO duly and legally issued U.S. Patent No. 7,916,747 ("the '747 Patent") titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol." A copy of the '747 Patent is attached as Exhibit D.

**ANSWER:**     TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No. 7,916,747 ("the '747 Patent") on March 29, 2011, that the '747 patent is titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol," and that a copy of the '747 patent was attached to the Complaint as Exhibit D. Otherwise, TI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 9, and therefore denies same.

10.      On December 16, 2003, the USPTO duly and legally issued U.S. Patent No. 6,665,536 ("the '536 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '536 Patent is attached as Exhibit E.

**ANSWER:** TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No. 6,665,536 ("the '536 Patent") on December 16, 2003, that the '536 patent is titled "Local Area Network Having Multiple Channel Wireless Access," and that a copy of the '536 patent was attached to the Complaint as Exhibit E. Otherwise, TI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 10, and therefore denies same.

11. On March 14, 2006, the USPTO duly and legally issued U.S. Patent No. 7,013,138 ("the '138 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '138 Patent is attached as Exhibit F.

**ANSWER:** TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No. 7,013,138 ("the '138 Patent") on March 14, 2006, that the '138 patent is titled "Local Area Network Having Multiple Channel Wireless Access," and that a copy of the '138 patent was attached to the Complaint as Exhibit F. Otherwise, TI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11, and therefore denies same.

12. On September 12, 2006, the USPTO duly and legally issued U.S. Patent No. 7,107,052 ("the '052 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A copy of the '052 Patent is attached as Exhibit G.

**ANSWER:** TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No. 7,107,052 ("the '052 Patent") on September 12, 2006, that the '052 patent is titled "Local Area Network Having Multiple Channel Wireless Access," and that a copy of the '052 patent was attached to the Complaint as Exhibit G. Otherwise, TI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12, and therefore denies same.

13. On August 13, 1996, the United States Patent and Trademark Office ("USPTO") duly and legally issued U.S. Patent No. 5,546,397 ("the '397 Patent") titled "High Reliability

Access Point For Wireless Local Area Network." A copy of the '397 Patent is attached as
Exhibit H.

     **ANSWER:**    TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No.

5,546,397 ("the '397 Patent") on August 13, 1996, that the '397 patent is titled "High Reliability

Access Point For Wireless Local Area Network," and that a copy of the '397 patent was attached

to the Complaint as Exhibit H. Otherwise, TI lacks knowledge or information sufficient to form

a belief as to the truth or falsity of the allegations in Paragraph 13, and therefore denies same.

     14.    On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,907
("the '907 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A
copy of the '907 Patent is attached as Exhibit I.

     **ANSWER:**    TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No.

7,710,907 ("the '907 Patent") on May 4, 2010, that the '907 patent is titled "Local Area Network

Having Multiple Channel Wireless Access," and that a copy of the '907 patent was attached to

the Complaint as Exhibit I. Otherwise, TI lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 14, and therefore denies same.

     15.    On May 4, 2010, the USPTO duly and legally issued U.S. Patent No. 7,710,935
("the '935 Patent") titled "Local Area Network Having Multiple Channel Wireless Access." A
copy of the '935 Patent is attached as Exhibit J.

     **ANSWER:**    TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No.

7,710,935 ("the '935 Patent") on May 4, 2010, that the '935 patent is titled "Local Area Network

Having Multiple Channel Wireless Access," and that a copy of the '935 patent was attached to

the Complaint as Exhibit J. Otherwise, TI lacks knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations in Paragraph 15, and therefore denies same.

     16.    On March 30, 2004, the United States Patent and Trademark Office ("the
USPTO") duly and legally issued U.S. Patent No. 6,714,559 ("the '559 Patent") titled
"Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol."
A copy of the '559 Patent is attached as Exhibit K.

**ANSWER:** TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No. 6,714,559 ("the '559 Patent") on March 30, 2004, that the '559 patent is titled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol," and that a copy of the '559 patent was attached to the Complaint as Exhibit K. Otherwise, TI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 16, and therefore denies same.

17. On November 25, 2008, the USPTO duly and legally issued U.S. Patent No. 7,457,646 ("the '646 Patent") titled "Radio Frequency Local Area Network." A copy of the '646 Patent is attached as Exhibit L

**ANSWER:** TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No. 7,457,646 ("the '646 Patent") on November 25, 2008, that the '646 patent is titled "Radio Frequency Local Area Network," and that a copy of the '646 patent was attached to the Complaint as Exhibit L. Otherwise, TI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 17, and therefore denies same.

18. On April 16, 2002, the USPTO duly and legally issued U.S. Patent No. 6,374,311 ("the '311 Patent") titled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery." A copy of the '311 Patent is attached as Exhibit M. The thirteen patents identified in paragraphs 6-18 are hereinafter referred to collectively as the "Patents-in-Suit."

**ANSWER:** TI admits that the U.S. Patent & Trademark Office issued U.S. Patent No. 6,374,311 ("the '311 Patent") on April 16, 2002, that the '311 patent is titled "Communication Network Having A Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery," and that a copy of the '311 patent was attached to the Complaint as Exhibit M. TI admits that the Complaint purports to refer to the thirteen patents identified in paragraphs 6-18 collectively as the "Patents-in-Suit." Otherwise, TI lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 18, and therefore denies same.

19.    Innovatio owns all rights, title, and interest in and to, and has standing to sue for infringement of, the Patents-in-Suit, including the right to sue for and collect past damages.

**ANSWER:**    TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 19 of the Complaint, and therefore denies same.

## INNOVATIO'S ALLEGATIONS REGARDING PAST INVOLVEMENT INVOLVING THE PATENTS-IN-SUIT

20.    Since March 2011, Innovatio has asserted the Patents-in-Suit, and other patents owned by Innovatio, in several actions for patent infringement involving hundreds of parties. *See, e.g.*, *Innovatio IP Ventures, LLC v. ABP Corporation, et al.*, Case No. 11-cv-1638 (N.D. Ill.) (filed March 8, 2011) (the "Original Action"); *Innovatio IP Ventures, LLC v. B&B Holdings, Inc.*, Case No. 11-cv-1325 (M.D. Fla.) (filed May 13, 2011); *Innovatio IP Ventures, LLC v. MEIGSR Holdings LLC*, Case No. 11-cv-343 (D. Nev.) (filed May 13, 2011); *Innovatio IP Ventures, LLC v. Best Western River North Hotel, L.L.C., et al.*, Case No. 11-cv-4668 (N.D. Ill.) (filed July 11, 2011); *Innovatio IP Ventures, LLC v. Hyatt Corporation, et al.*, Case No. 11-cv-6145 (N.D. Ill.) (filed September 2, 2011); *Innovatio IP Ventures, LLC v. JW Marriott Chicago, et al.*, Case No. 11-cv-6478 (N.D. Ill.) (filed September 15, 2011); *Innovatio IP Ventures, LLC v. Wingate by Wyndham Schaumburg, et al.*, Case No. 11-cv-6479 (N.D. Ill.) (filed September 15, 2011); *Innovatio IP Ventures, LLC v. Comfort Inn O'Hare, et al.*, Case No. 11-cv-6481 (N.D. Ill.) (filed September 16, 2011); *Innovatio IP Ventures, LLC v. Best Western Arrowhead, et al.*, Case No. 11-cv-00643 (W.D. Wis.) (filed September 19, 2011); *Innovatio IP Ventures, LLC v. Madison Marriott West, et al.*, Case No. 11-cv-00644 (W.D. Wis.) (filed September 19, 2011); *Innovatio IP Ventures, LLC v. AirTran Airways, Inc.*, Case No. 12-cv-3844 (N.D. Ill.) (filed May 17, 2012); *Innovatio IP Ventures, LLC v. Barnes & Noble, Inc.*, Case No. 12-cv-3856 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. Delta Air Lines, Inc.*, Case No. 12-cv-3858 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. The Home Depot, Inc.*, Case No. 12-cv-3860 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. HVM L.L.C.*, Case No. 12-cv-3862 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. Jewel Food Stores, Inc.*, Case No. 12-cv-3865 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. Lowe's Companies, Inc.*, Case No. 12-cv-3866 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. HVM L.L.C.*, Case No. 12-cv-3862 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. McDonald's Corporation*, Case No. 12-cv-3870 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. Starbucks Corporation*, Case No. 12-cv-3872 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. United Parcel Service, Inc.*, Case No. 12-cv-3874 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. Wal-Mart Stores, Inc.*, Case No. 12-cv-3878 (N.D. Ill.) (filed May 18, 2012); *Innovatio IP Ventures, LLC v. FedEx Corporation, et al.*, Case No. 12-cv-3882 (N.D. Ill.) (filed May 18, 2012) (collectively, the actions referred to in this paragraph 20 are called the "Infringement Actions").

**ANSWER:**    TI admits that Innovatio has been involved in one or more previous patent infringement actions.  Otherwise, TI is without knowledge or information sufficient to form a

belief as to the truth or falsity of the allegations contained in paragraph 20 of the Complaint, and

therefore denies same.

21.     Since May 13, 2011, five major suppliers of wireless local area network equipment ("802.11-compliant" or "Wi-Fi") (collectively, these five suppliers are referred to as the "Manufacturers") have filed declaratory judgment actions against Innovatio, which actions initially involved, or subsequently came to involve, the Manufacturers' claims for declarations of invalidity and noninfringement of the Patents-in-Suit, plus other patents owned by Innovatio, as well as Innovatio's counterclaims and cross-claims for infringement of the Patents-in-Suit and other patents.  *See, e.g., Cisco Systems, Inc. and Motorola Solutions, Inc. v. Innovatio IP Ventures, LLC*, Case No. 11-cv-425 (D. Del.) (filed May 13, 2011); *SonicWALL, Inc. v. Innovatio IP Ventures, LLC*, Case No. 11-cv-920 (D. Del.) (filed October 7, 2011); *NETGEAR, Inc. v. Innovatio IP Ventures, LLC*, 11-cv-1139 (D. Del.) (filed November 16, 2011); *Hewlett Packard Co. v. Innovatio IP Ventures, LLC*, 12-cv-1076 (N.D. Cal.) (filed March 2, 2012) (collectively, the actions referred to in this paragraph 21 are called the "Declaratory Judgment Actions").

**ANSWER:**     TI admits that one or more declaratory judgment actions were filed against

Innovatio.  Otherwise, TI is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 21 of the Complaint, and therefore

denies same.

22.     Pursuant to a December 28, 2011 transfer order of the United States Judicial Panel on Multidistrict Litigation (the "JPML") and subsequent motion practice before and orders of the JPML, as well as subsequent procedural orders of the Northern District of Illinois, the Infringement Actions and the Declaratory Judgment Actions were transferred to the Northern District of Illinois for consolidated pretrial proceedings with the Original Action (the "Consolidated Litigation").

**ANSWER:**     TI admits that the United States Judicial Panel on Multidistrict Litigation

(the "JPML") issued a Transfer Order on December 28, 2011 (MDL No. 2303) transferring

certain actions to the Northern District of Illinois for coordinated or consolidated pretrial

proceedings.  Otherwise, TI is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 22 of the Complaint, and therefore

denies same.

23.     The Original Action, the Infringement Actions, the Declaratory Judgment Actions, and the Consolidated Litigation have been widely publicized in legal publications, in newspapers, and online.

**ANSWER:**     TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 23 of the Complaint, and therefore denies same.

24.     Before and during the Original Action, the Infringement Actions, the Declaratory Judgment Actions, and the Consolidated Litigation, Innovatio sent numerous notice letters to entities that make, use, sell, and/or offer for sale Wi-Fi technology, which notice letters advised such entities of Innovatio's infringement assertions with respect to the Patents-in-Suit and other patents owned by Innovatio, and which notice letters offered to grant such entities licenses to the Patents-in-Suit and other patents owned by Innovatio.

**ANSWER:**     TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 24 of the Complaint, and therefore denies same.

25.     On July 26, 2013, the Northern District of Illinois determined that all of the patent claims Innovatio asserted in the Consolidated Litigation are "Essential Patent Claims" with respect to the 802.11 IEEE Standard, meaning that the use of all such claims are necessary to create a compliant implementation of either mandatory or optional portions of the normative clauses of the standard (the "Essentiality Ruling").  *See, e.g.*, *In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 851.

**ANSWER:**     TI admits that the Northern District of Illinois (Holderman, J.) issued a Memorandum Opinion And Order on July 26, 2013 in *In re Innovatio IP Ventures, LLC Patent Litigation*, Case No. 11-cv-9308, MDL Docket No. 2303 (N.D. Ill.) (Docket No. 851). Otherwise, TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 25 of the Complaint, and therefore denies same.

26.     News of the Essentiality Ruling was widely publicized, at a minimum, in legal publications and online.

**ANSWER:** TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 26 of the Complaint, and therefore denies same.

27. On October 3, 2013, the Northern District of Illinois determined that the RAND rate to be paid to Innovatio for the licensing of nineteen of its standard-essential patents is 9.56 cents for each Wi-Fi chip (the "RAND Ruling"). *See, e.g., In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 88.

**ANSWER:** TI admits that the Northern District of Illinois (Holderman, J.) issued a Memorandum Opinion, Findings, Conclusions And Order on October 3, 2013 in *In re Innovatio IP Ventures, LLC Patent Litigation*, Case No. 11-cv-9308, MDL Docket No. 2303 (N.D. Ill.) (Docket No. 975). Otherwise, TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 27 of the Complaint, and therefore denies same.

28. Each of the thirteen Patents-in-Suit in this Complaint was included in the nineteen patents that formed the basis of the RAND Ruling.

**ANSWER:** TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 28 of the Complaint, and therefore denies same.

29. In its RAND Ruling, the Northern District of Illinois stated that "[b]ecause the purpose of a Wi-Fi chip is, by definition, to provide 802.11 functionality, determining the importance of Innovatio's patents to the 802.11 standard also determines the importance of Innovatio's patents to the Wi-Fi chip." *See, e.g., In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 13.

**ANSWER:** TI admits that in the Memorandum Opinion, Findings, Conclusions And Order issued on October 3, 2013 in *In re Innovatio IP Ventures, LLC Patent Litigation*, Case No. 11-cv-9308, MDL Docket No. 2303 (N.D. Ill.) (Docket No. 975), the Northern District of Illinois (Holderman, J.) wrote at page 13: "Because the purpose of a Wi-Fi chip is, by definition, to provide 802.11 functionality, determining the importance of Innovatio's patents to the 802.11

- 10 -

standard also determines the importance of those patents to the Wi-Fi chip." Otherwise, TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 29 of the Complaint, and therefore denies same.

30.     In its RAND Ruling, the Northern District of Illinois further stated that "all of the instructions to the various devices mentioned in the claims of Innovatio's patents that operate Wi-Fi are included on the chip." *See, e.g.*, *In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 13.

**ANSWER:**     TI admits that in the Memorandum Opinion, Findings, Conclusions And Order issued on October 3, 2013 in *In re Innovatio IP Ventures, LLC Patent Litigation*, Case No. 11-cv-9308, MDL Docket No. 2303 (N.D. Ill.) (Docket No. 975), the Northern District of Illinois (Holderman, J.) wrote at page 25: "Innovatio's expert Dr. Nettleton agreed that the Wi-Fi functionality is implemented on one or more Wi-Fi chips. (Trial Tr. 453:11-14 (Nettleton).) The court understands that testimony to mean that all of the instructions to the various devices mentioned in the claims of Innovatio's patents that operate Wi-Fi are included on the chip." Otherwise, TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 30 of the Complaint, and therefore denies same.

31.     In its RAND Ruling, the Northern District of Illinois further stated that "the appropriate royalty base in this case is the Wi-Fi chip, the small module that provides Wi-Fi capability to electronic devices in which it is inserted." *See, e.g.*, *In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 25.

**ANSWER:**     TI admits that in the Memorandum Opinion, Findings, Conclusions And Order issued on October 3, 2013 in *In re Innovatio IP Ventures, LLC Patent Litigation*, Case No. 11-cv-9308, MDL Docket No. 2303 (N.D. Ill.) (Docket No. 975), the Northern District of Illinois (Holderman, J.) wrote at page 13: "Finally, the court notes that in light of its conclusion in Part II, *infra*, that the appropriate royalty base in this case is the Wi-Fi chip, the small module that provides Wi-Fi capability to electronic devices in which it is inserted, steps one and two of Judge Robart's methodology effectively merge." Otherwise, TI is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 31 of

the Complaint, and therefore denies same.

32.      In its RAND Ruling, the Northern District of Illinois determined that "Innovatio's
patents are in the top 10% of all 802.11 standard-essential patents."  *See, e.g.*, *In re Innovatio IP
Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975
at 85.

**ANSWER:**      TI admits that in the Memorandum Opinion, Findings, Conclusions And

Order issued on October 3, 2013 in *In re Innovatio IP Ventures, LLC Patent Litigation*, Case No.

11-cv-9308, MDL Docket No. 2303 (N.D. Ill.) (Docket No. 975), the Northern District of Illinois

(Holderman, J.) wrote at page 85: "The Court therefore finds that Innovatio's patents are in the

top 10% of all 802.11 standard-essential patents."  Otherwise, TI is without knowledge or

information sufficient to form a belief as to the truth or falsity of the allegations contained in

paragraph 32 of the Complaint, and therefore denies same.

33.      In its RAND Ruling, the Northern District of Illinois determined that "Innovatio's
patents are all of moderate to moderate-high importance to the standard, meaning that they
provide significant value to the standard."  *See, e.g.*, *In re Innovatio IP Ventures, LLC, Patent
Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 85.

**ANSWER:**      TI admits that in the Memorandum Opinion, Findings, Conclusions And

Order issued on October 3, 2013 in *In re Innovatio IP Ventures, LLC Patent Litigation*, Case No.

11-cv-9308, MDL Docket No. 2303 (N.D. Ill.) (Docket No. 975), the Northern District of Illinois

(Holderman, J.) wrote at page 85: "As described above, the court has found that Innovatio's

patents are all of moderate to moderate-high importance to the standard, meaning that they

provide significant value to the standard."  Otherwise, TI is without knowledge or information

sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 33 of

the Complaint, and therefore denies same.

34.      In its RAND Ruling, the Northern District of Illinois stated that, in *Microsoft
Corp. v. Motorola, Inc.*, No. 10-cv-1823 (W.D. Wash.), the district court "concluded that
Motorola's patents were only of minimal value to the standard, . . . whereas the court here has

found that Innovatio's patents are of moderate to moderate-high importance to the standard." *See, e.g.*, *In re Innovatio IP Ventures, LLC, Patent Litigation*, Case No. 11-cv-9308 (N.D. Ill.) (Holderman, J.), Dkt. No. 975 at 87.

**ANSWER:**    TI admits that in the Memorandum Opinion, Findings, Conclusions And

Order issued on October 3, 2013 in *In re Innovatio IP Ventures, LLC Patent Litigation*, Case No.

11-cv-9308, MDL Docket No. 2303 (N.D. Ill.) (Docket No. 975), the Northern District of Illinois

(Holderman, J.) wrote at page 87: "As mentioned above, however, Judge Robart concluded that

Motorola's patents were only of minimal value to the standard, *id.* at *56-64, whereas the court

here has found that Innovatio's patents are of moderate to moderate-high importance to the

standard."  Otherwise, TI is without knowledge or information sufficient to form a belief as to

the truth or falsity of the allegations contained in paragraph 34 of the Complaint, and therefore

denies same.

35.    News of the RAND Ruling was widely publicized, at a minimum, in legal publications and online.

**ANSWER:**    TI is without knowledge or information sufficient to form a belief as to the

truth or falsity of the allegations contained in paragraph 35 of the Complaint, and therefore

denies same.

### INNOVATIO'S ALLEGATIONS REGARDING TI'S 802.11-COMPLIANT OFFERINGS

36.    TI manufactures, offers for sale, sells and/or imports, among other things, 802.11-compliant products used in connection with wireless local area networks.

**ANSWER:**    Admitted that at various times TI has made, offered for sale, sold or

imported certain products that may have utilized certain IEEE 802.11 technologies and that may

have been used in connection with wireless local area networks.  Otherwise, denied.

37.    For example, TI alleges that it has "the industry's broadest wireless connectivity portfolio" and is "the market leader in combined wireless products such as the pre-certified, preWiLinkTM 8 module (single-chip Wi-Fi/Bluetooth®/Bluetooth low energy device) which further solve issues such as coexistence, antenna sharing in size-constrained devices, cost and

power consumption." See http://www.ti.com/lit/sg/slab056c/slab056c.pdf, copy attached as Exhibit N.

**ANSWER:** Admitted that a document attached as Exhibit N to the Complaint states "With the industry's broadest wireless connectivity portfolio, TI offers cost-effective, low-power solutions for short-range, long-range, mesh and IP networks, as well as personal area networks and more in the Internet of Things" (at page 2), and states "TI is also the market leader in combined wireless products such as the pre-certified, preWiLink$^{TM}$ 8 module (single-chip Wi-Fi/*Bluetooth*®/*Bluetooth* low energy device) which further solve issues such as coexistence, antenna sharing in size-constrained devices, cost and power consumption" (at page 4). Otherwise, denied.

38.    TI's offerings include 802.11-chips as described in the Northern District of Illinois's Essentiality Ruling and RAND Ruling.

**ANSWER:** TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 38 of the Complaint, and therefore denies same.

## INNOVATIO'S ALLEGATIONS REGARDING TI'S KNOWLEDGE OF THE PATENTS-IN-SUIT

39.    On information and belief, TI has had actual knowledge of the existence of the Patents-in-Suit since at least as early as mid-2011, by which time news of litigation involving the Patents-in-Suit, Innovatio's notice letters, and Innovatio's licensing efforts was widely known.

**ANSWER:** Denied.

40.    TI has had actual knowledge and been on notice of Innovatio's claims of patent infringement against TI since, at the latest, October 18, 2013, on which date TI received a notice letter from Innovatio.

**ANSWER:** Admitted that TI received a letter from Innovatio dated October 18, 2013. Otherwise, denied.

41.     In its October 18, 2013 letter, Innovatio offered to grant TI a license to Innovatio's Standard Essential Claims for any compliant implementation of the 802.11 standard at the $.0956 per chip rate set by the Northern District of Illinois.

**ANSWER:**     Admitted that a letter that TI received from Innovatio dated October 18, 2013, stated: "Innovatio hereby offers TI a license under the Innovatio SEPs identified in Schedule B at the adjudicated rate of 9.56 cents for each Wi-Fi chip produced as part of TI's 'sales cycle sequence' as generally described in *Carnegie Mellon*."  Otherwise, TI is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 41 of the Complaint, and therefore denies same.

**ANSWER:**

42.     TI did not respond to Innovatio's October 18, 2013 letter.

**ANSWER:**     Admitted.

43.     At no point has TI applied for, or otherwise requested, a license to Innovatio's Standard Essential Claims.

**ANSWER:**     Admitted.

**INNOVATIO'S COUNT I – INFRINGEMENT OF U.S. PATENT NO. 6,697,415**

44.     Innovatio repeats and re-alleges the allegations in paragraphs 1-43 as though fully set forth herein.

**ANSWER:**     TI repeats and incorporates by reference its responses to the allegations in paragraphs 1-43 as though fully set forth herein.

45.     TI has infringed and continues to infringe the '415 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '415 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

46.     On information and belief, TI has, with specific knowledge of the '415 Patent, induced or contributed to the direct infringement by others of the '415 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that

are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '415 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:** Denied.

### INNOVATIO'S COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,844,893

47. Innovatio repeats and re-alleges the allegations in paragraphs 44-46 as though fully set forth herein.

**ANSWER:** TI repeats and incorporates by reference its responses to the allegations in

paragraphs 44-46 as though fully set forth herein.

48. TI has infringed and continues to infringe the '893 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '893 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:** Denied.

49. On information and belief, TI has, with specific knowledge of the '893 Patent, induced or contributed to the direct infringement by others of the '893 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '893 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:** Denied.

### INNOVATIO'S COUNT III – INFRINGEMENT OF U.S. PATENT NO. 5,740,366

50. Innovatio repeats and re-alleges the allegations in paragraphs 47-49 as though fully set forth herein.

**ANSWER:** TI repeats and incorporates by reference its responses to the allegations in

paragraphs 47-49 as though fully set forth herein.

51. TI has infringed and continues to infringe the '366 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '366 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:** Denied.

52.     On information and belief, TI has, with specific knowledge of the '366 Patent, induced or contributed to the direct infringement by others of the '366 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '366 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

**INNOVATIO'S COUNT IV – INFRINGEMENT OF U.S. PATENT NO. 7,916,747**

53.     Innovatio repeats and re-alleges the allegations in paragraphs 50-52 as though fully set forth herein.

**ANSWER:**     TI repeats and incorporates by reference its responses to the allegations in

paragraphs 50-52 as though fully set forth herein.

54.     TI has infringed and continues to infringe the '747 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '747 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

55.     On information and belief, TI has, with specific knowledge of the '747 Patent, induced or contributed to the direct infringement by others of the '747 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '747 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

**INNOVATIO'S COUNT V – INFRINGEMENT OF U.S. PATENT NO. 6,665,536**

56.     Innovatio repeats and re-alleges the allegations in paragraphs 53-55 as though fully set forth herein.

**ANSWER:**     TI repeats and incorporates by reference its responses to the allegations in

paragraphs 53-55 as though fully set forth herein.

57.     TI has infringed and continues to infringe the '536 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '536 Patent, where any such claim is

necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

> **ANSWER:**   Denied.

58.     On information and belief, TI has, with specific knowledge of the '536 Patent, induced or contributed to the direct infringement by others of the '536 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '536 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

> **ANSWER:**   Denied.

> ### INNOVATIO'S COUNT VI – INFRINGEMENT OF U.S. PATENT NO. 7,013,138

59.     Innovatio repeats and re-alleges the allegations in paragraphs 56-58 as though fully set forth herein.

> **ANSWER:**   TI repeats and incorporates by reference its responses to the allegations in

paragraphs 56-58 as though fully set forth herein.

60.     TI has infringed and continues to infringe the '138 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '138 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

> **ANSWER:**   Denied.

61.     On information and belief, TI has, with specific knowledge of the '138 Patent, induced or contributed to the direct infringement by others of the '138 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '138 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

> **ANSWER:**   Denied.

> ### INNOVATIO'S COUNT VII – INFRINGEMENT OF U.S. PATENT NO. 7,107,052

62.     Innovatio repeats and re-alleges the allegations in paragraphs 59-61 as though fully set forth herein.

> **ANSWER:**   TI repeats and incorporates by reference its responses to the allegations in

paragraphs 59-61 as though fully set forth herein.

63.     TI has infringed and continues to infringe the '052 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '052 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

64.     On information and belief, TI has, with specific knowledge of the '052 Patent, induced or contributed to the direct infringement by others of the '052 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '052 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

**INNOVATIO'S COUNT VIII – INFRINGEMENT OF U.S. PATENT NO. 7,483,397**

65.     Innovatio repeats and re-alleges the allegations in paragraphs 62-64 as though fully set forth herein.

**ANSWER:**     TI repeats and incorporates by reference its responses to the allegations in

paragraphs 62-64 as though fully set forth herein.

66.     TI has infringed and continues to infringe the '397 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '397 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

67.     On information and belief, TI has, with specific knowledge of the '397 Patent, induced or contributed to the direct infringement by others of the '397 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '397 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

**INNOVATIO'S COUNT IX – INFRINGEMENT OF U.S. PATENT NO. 7,710,907**

68.     Innovatio repeats and re-alleges the allegations in paragraphs 65-67 as though fully set forth herein.

**ANSWER:** TI repeats and incorporates by reference its responses to the allegations in

paragraphs 65-67 as though fully set forth herein.

69. TI has infringed and continues to infringe the '907 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '907 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:** Denied.

70. On information and belief, TI has, with specific knowledge of the '907 Patent, induced or contributed to the direct infringement by others of the '907 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '907 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:** Denied.

**INNOVATIO'S COUNT X – INFRINGEMENT OF U.S. PATENT NO. 7,710,935**

71. Innovatio repeats and re-alleges the allegations in paragraphs 68-70 as though fully set forth herein.

**ANSWER:** TI repeats and incorporates by reference its responses to the allegations in

paragraphs 68-70 as though fully set forth herein.

72. TI has infringed and continues to infringe the '935 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '935 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:** Denied.

73. On information and belief, TI has, with specific knowledge of the '935 Patent, induced or contributed to the direct infringement by others of the '935 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '935 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:** Denied.

**INNOVATIO'S COUNT XI – INFRINGEMENT OF U.S. PATENT NO. 6,714,559**

74.     Innovatio repeats and re-alleges the allegations in paragraphs 71-73 as though fully set forth herein.

**ANSWER:**     TI repeats and incorporates by reference its responses to the allegations in paragraphs 71-73 as though fully set forth herein.

75.     TI has infringed and continues to infringe the '559 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '559 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

76.     On information and belief, TI has, with specific knowledge of the '559 Patent, induced or contributed to the direct infringement by others of the '559 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '559 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

**INNOVATIO'S COUNT XII – INFRINGEMENT OF U.S. PATENT NO. 7,457,646**

77.     Innovatio repeats and re-alleges the allegations in paragraphs 74-76 as though fully set forth herein.

**ANSWER:**     TI repeats and incorporates by reference its responses to the allegations in paragraphs 74-76 as though fully set forth herein.

78.     TI has infringed and continues to infringe the '646 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '646 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

79.     On information and belief, TI has, with specific knowledge of the '646 Patent, induced or contributed to the direct infringement by others of the '646 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of

- 21 -

the '646 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:** Denied.

### INNOVATIO'S COUNT XIII – INFRINGEMENT OF U.S. PATENT NO. 6,374,311

80.     Innovatio repeats and re-alleges the allegations in paragraphs 77-79 as though fully set forth herein.

**ANSWER:**     TI repeats and incorporates by reference its responses to the allegations in

paragraphs 77-79 as though fully set forth herein.

81.     TI has infringed and continues to infringe the '311 Patent in violation of 35 U.S.C. § 271(a) by its manufacture, use, sale, offer for sale and/or importation of 802.11-compliant products that practice one of more claims of the '311 Patent, where any such claim is necessary to create compliant implementations of mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

82.     On information and belief, TI has, with specific knowledge of the '311 Patent, induced or contributed to the direct infringement by others of the '311 Patent in violation of 35 U.S.C. § 271(b) and/or (c) by making available to TI's customers 802.11-compliant products that are used by TI's customers to obtain the benefit of and/or directly infringe one or more claims of the '311 Patent, where any such claim is necessary to create a compliant implementation of either mandatory or optional portions of the 802.11 standard.

**ANSWER:**     Denied.

### INNOVATIO'S PRAYER FOR RELIEF

WHEREFORE, Innovatio respectfully requests entry of judgment in its favor and the following relief from TI that may be included in any trial with TI regarding the infringement of Innovatio's Patents-in-Suit, including:

A. That TI be adjudged to have infringed one or more claims of each of the Patents-in-Suit;

B. That TI account for damages sustained by Innovatio as a result of TI's infringement of the Patents-in-Suit to the extent, and for such infringement as Innovatio elects to recover from TI, including both pre- and post-judgment interest and costs as fixed by this Court under 35 U.S.C. § 284;

C. That the Court award Innovatio its costs, expenses, and attorneys' fees pursuant to at least 35 U.S.C. § 285; and

D. That the Court grant Innovatio such other and further relief as the Court may deem just and proper.

**ANSWER**:     TI denies that Innovatio is entitled to judgment in its favor, or any relief whatsoever, against TI.

**TI'S DEFENSES**

In addition to the affirmative defenses below, TI expressly reserves the right to allege additional defenses as they become known through the course of discovery or otherwise.

**FIRST AFFIRMATIVE DEFENSE**

TI has not infringed, and does not infringe, either directly or indirectly, any valid, enforceable claim of any of the Patents-in-Suit.

**SECOND AFFIRMATIVE DEFENSE**

One or more claims of the Patents-in-Suit are invalid for failing to comply with the conditions for patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

**THIRD AFFIRMATIVE DEFENSE**

To the extent that Innovatio alleges that TI indirectly infringes any claim of any of the Patents-in-Suit, TI is not liable to Innovatio for acts alleged to have been performed before TI had knowledge or notice that it was infringing any such claim of any such Patent-in-Suit.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that discovery establishes that Innovatio or any prior owner delayed filing suit for an unreasonable and inexcusable length of time after it knew or reasonably should have known of its potential claim against TI or misleadingly communicated that it would not bring suit, Innovatio is precluded, or at least limited, from asserting infringement of the patents-in-suit against TI based on the doctrines of laches and/or equitable estoppel.

## FIFTH AFFIRMATIVE DEFENSE

To the extent that discovery establishes that Innovatio or any other entity having an obligation to mark failed to properly mark or give notice to TI under 35 U.S.C. § 287, Innovatio is precluded, or at least limited, from collecting damages from TI.

## SIXTH AFFIRMATIVE DEFENSE

To the extent that discovery establishes that any allegedly infringing products were directly or indirectly provided to TI or by TI to an entity having an express or implied license to the Patents-in-Suit, Innovatio's claims are barred by license and/or by the doctrine of exhaustion.

TI reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery or further factual investigation in this case.

## <u>TI'S COUNTERCLAIMS</u>

Defendant and Counterclaim-Plaintiff Texas Instruments Incorporated ("TI"), counterclaims against Plaintiff and Counterclaim-Defendant, Innovatio IP Ventures, LLC ("Innovatio"), as follows:

## THE PARTIES

1.      TI is a Delaware corporation with its principal place of business in Dallas, Texas.

2.      This Court has personal jurisdiction over Innovatio. Innovatio is the named plaintiff in this action and alleges that it is a Delaware limited liability company with its principal place of business at 22 West Washington Street, Suite 1500, Chicago, Illinois 60602. By filing its Complaint, Innovatio has consented to the personal jurisdiction of this Court.

3.      This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a) and 2201.

4.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c).

**TI'S COUNT ONE:  DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND
INVALIDITY OF UNITED STATES PATENT NO. 6,697,415**

5.      TI realleges and incorporates by reference paragraphs 1 through 4 of these

Counterclaims.

6.      U.S. Patent No. 6,697,415, entitled "Spread Spectrum Transceiver Module

Utilizing Multiple Mode Transmission," was issued by the U.S. Patent & Trademark Office on

February 24, 2004.  Innovatio has alleged that it is the owner of the '415 patent.

7.      Innovatio has asserted that TI has infringed and is infringing the '415 patent in its

Complaint, including at paragraphs 44-46.

8.      An actual controversy exists between the parties hereto regarding TI's alleged

infringement and the validity of the '415 patent.

9.      TI has not directly, contributorily, by inducement, or otherwise infringed any

valid, enforceable claim of the '415 patent, nor is TI directly, contributorily, by inducement, or

otherwise infringing any valid, enforceable claim of the '415 patent.

10.     The '415 patent is invalid for failing to satisfy one or more of the conditions of

patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation,

§§ 102, 103 and 112.

**TI'S COUNT TWO:  DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND
INVALIDITY OF UNITED STATES PATENT NO. 5,844,893**

11.     TI realleges and incorporates by reference paragraphs 1 through 4 of these

Counterclaims.

12.     U.S. Patent No. 5,844,893, entitled "System For Coupling Host Computer Means

With Base Transcriber Units On A Local Area Network," was issued by the U.S. Patent &

Trademark Office on December 1, 1998. Innovatio has alleged that it is the owner of the '893 patent.

13.     Innovatio has asserted that TI has infringed and is infringing the '893 patent in its Complaint, including at paragraphs 47-49.

14.     An actual controversy exists between the parties hereto regarding TI's alleged infringement and the validity of the '893 patent.

15.     TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '893 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '893 patent.

16.     The '893 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

## TI'S COUNT THREE:  DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF UNITED STATES PATENT NO. 5,740,366

17.     TI realleges and incorporates by reference paragraphs 1 through 4 of these Counterclaims.

18.     U.S. Patent No. 5,740,366, entitled "Communication Network Having a Plurality Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It Has Messages Awaiting Delivery," was issued by the U.S. Patent & Trademark Office on April 14, 1998. Innovatio has alleged that it is the owner of the '366 patent.

19.     Innovatio has asserted that TI has infringed and is infringing the '366 patent in its Complaint, including at paragraphs 50-52.

20.     An actual controversy exists between the parties hereto regarding TI's alleged infringement and the validity of the '366 patent.

21. TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '366 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '366 patent.

22. The '366 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

## TI'S COUNT FOUR: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF UNITED STATES PATENT NO. 7,916,747

23. TI realleges and incorporates by reference paragraphs 1 through 4 of these Counterclaims.

24. U.S. Patent No. 7,916,747, entitled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol," was issued by the U.S. Patent & Trademark Office on March 29, 2011. Innovatio has alleged that it is the owner of the '747 patent.

25. Innovatio has asserted that TI has infringed and is infringing the '747 patent in its Complaint, including at paragraphs 53-55.

26. An actual controversy exists between the parties hereto regarding TI's alleged infringement and the validity of the '747 patent.

27. TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '747 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '747 patent.

28. The '747 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

**TI'S COUNT FIVE:  DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF UNITED STATES PATENT NO. 6,665,536**

29.     TI realleges and incorporates by reference paragraphs 1 through 4 of these Counterclaims.

30.     U.S. Patent No. 6,665,536, entitled "Local Area Network Having Multiple Channel Wireless Access," was issued by the U.S. Patent & Trademark Office on December 16, 2003.  Innovatio has alleged that it is the owner of the '536 patent.

31.     Innovatio has asserted that TI has infringed and is infringing the '536 patent in its Complaint, including at paragraphs 56-58.

32.     An actual controversy exists between the parties hereto regarding TI's alleged infringement and the validity of the '536 patent.

33.     TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '536 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '536 patent.

34.     The '536 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

**TI'S COUNT SIX:  DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF UNITED STATES PATENT NO. 7,013,138**

35.     TI realleges and incorporates by reference paragraphs 1 through 4 of these Counterclaims.

36.     U.S. Patent No. 7,013,138, entitled "Local Area Network Having Multiple Channel Wireless Access," was issued by the U.S. Patent & Trademark Office on March 14, 2006.  Innovatio has alleged that it is the owner of the '138 patent.

37.     Innovatio has asserted that TI has infringed and is infringing the '138 patent in its Complaint, including at paragraphs 59-61.

38.     An actual controversy exists between the parties hereto regarding TI's alleged infringement and the validity of the '138 patent.

39.     TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '138 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '138 patent.

40.     The '138 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

## TI'S COUNT SEVEN:  DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF UNITED STATES PATENT NO. 7,107,052

41.     TI realleges and incorporates by reference paragraphs 1 through 4 of these Counterclaims.

42.     U.S. Patent No. 7,107,052, entitled "Local Area Network Having Multiple Channel Wireless Access," was issued by the U.S. Patent & Trademark Office on September 12, 2006.  Innovatio has alleged that it is the owner of the '052 patent.

43.     Innovatio has asserted that TI has infringed and is infringing the '052 patent in its Complaint, including at paragraphs 62-64.

44.     An actual controversy exists between the parties hereto regarding TI's alleged infringement and the validity of the '052 patent.

45.     TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '052 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '052 patent.

46.     The '052 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

**TI'S COUNT EIGHT:  DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF UNITED STATES PATENT NO. 5,546,397**

47.     TI realleges and incorporates by reference paragraphs 1 through 4 of these Counterclaims.

48.     U.S. Patent No. 5,546,397, entitled "High Reliability Access Point For Wireless Local Area Network," was issued by the U.S. Patent & Trademark Office on August 13, 1996. Innovatio has alleged that it is the owner of the '397 patent.

49.     Innovatio has asserted that TI has infringed and is infringing the '397 patent in its Complaint, including at paragraphs 65-67.

50.     An actual controversy exists between the parties hereto regarding TI's alleged infringement and the validity of the '397 patent.

51.     TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '397 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '397 patent.

52.     The '397 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

**TI'S COUNT NINE:  DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF UNITED STATES PATENT NO. 7,710,907**

53.     TI realleges and incorporates by reference paragraphs 1 through 4 of these Counterclaims.

54.     U.S. Patent No. 7,710,907, entitled "Local Area Network Having Multiple Channel Wireless Access," was issued by the U.S. Patent & Trademark Office on May 4, 2010. Innovatio has alleged that it is the assignee and owner of the '907 patent.

55.     Innovatio has asserted that TI has infringed and is infringing the '907 patent in its Complaint, including at paragraphs 68-70.

56.     An actual controversy exists between the parties hereto regarding TI's alleged infringement and the validity of the '907 patent.

57.     TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '907 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '907 patent.

58.     The '907 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

**TI'S COUNT TEN:  DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF UNITED STATES PATENT NO. 7,710,935**

59.     TI realleges and incorporates by reference paragraphs 1 through 4 of these Counterclaims.

60.     U.S. Patent No. 7,710,935, entitled "Local Area Network Having Multiple Channel Wireless Access," was issued by the U.S. Patent & Trademark Office on May 4, 2010. Innovatio has alleged that it is the owner of the '935 patent.

61.     Innovatio has asserted that TI has infringed and is infringing the '935 patent in its Complaint, including at paragraphs 71-73.

62.     An actual controversy exists between the parties hereto regarding TI's alleged infringement and the validity of the '935 patent.

63. TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '935 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '935 patent.

64. The '935 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

**TI'S COUNT ELEVEN: DECLARATORY JUDGMENT FOR NON-INFRINGEMENT AND INVALIDITY OF UNITED STATES PATENT NO. 6,714,559**

65. TI realleges and incorporates by reference paragraphs 1 through 4 of these Counterclaims.

66. U.S. Patent No. 6,714,559, entitled "Redundant Radio Frequency Network Having A Roaming Terminal Communication Protocol," was issued by the U.S. Patent & Trademark Office on March 30, 2004. Innovatio has alleged that it is the owner of the '559 patent.

67. Innovatio has asserted that TI has infringed and is infringing the '559 patent in its Complaint, including at paragraphs 74-76.

68. An actual controversy exists between the parties hereto regarding TI's alleged infringement and the validity of the '559 patent.

69. TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '559 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '559 patent.

70. The '559 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

**TI'S COUNT TWELVE:  DECLARATORY JUDGMENT FOR NON-INFRINGEMENT
AND INVALIDITY OF UNITED STATES PATENT NO. 7,457,646**

71.     TI realleges and incorporates by reference paragraphs 1 through 4 of these

Counterclaims.

72.     U.S. Patent No. 7,457,646, entitled "Radio Frequency Local Area Network," was

issued by the U.S. Patent & Trademark Office on November 25, 2008.  Innovatio has alleged that

it is the owner of the '646 patent.

73.     Innovatio has asserted that TI has infringed and is infringing the '646 patent in its

Complaint, including at paragraphs 77-79.

74.     An actual controversy exists between the parties hereto regarding TI's alleged

infringement and the validity of the '646 patent.

75.     TI has not directly, contributorily, by inducement, or otherwise infringed any

valid, enforceable claim of the '646 patent, nor is TI directly, contributorily, by inducement, or

otherwise infringing any valid, enforceable claim of the '646 patent.

76.     The '646 patent is invalid for failing to satisfy one or more of the conditions of

patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation,

§§ 102, 103 and 112.

**TI'S COUNT THIRTEEN:  DECLARATORY JUDGMENT FOR NON-
INFRINGEMENT AND INVALIDITY OF UNITED STATES PATENT NO. 6,374,311**

77.     TI realleges and incorporates by reference paragraphs 1 through 4 of these

Counterclaims.

78.     U.S. Patent No. 6,374,311, entitled "Communication Network Having A Plurality

Of Bridging Nodes Which Transmit A Beacon To Terminal Nodes In Power Saving State That It

Has Messages Awaiting Delivery," was issued by the U.S. Patent & Trademark Office on April 16, 2002. Innovatio has alleged that it is the owner of the '311 patent.

79.     Innovatio has asserted that TI has infringed and is infringing the '311 patent in its Complaint, including at paragraphs 80-82.

80.     An actual controversy exists between the parties hereto regarding TI's alleged infringement of the '311 patent.

81.     TI has not directly, contributorily, by inducement, or otherwise infringed any valid, enforceable claim of the '311 patent, nor is TI directly, contributorily, by inducement, or otherwise infringing any valid, enforceable claim of the '311 patent.

82.     The '311 patent is invalid for failing to satisfy one or more of the conditions of patentability set forth in Title 35, United States Code § 101 *et seq.*, including, without limitation, §§ 102, 103 and 112.

## TI'S PRAYER FOR RELIEF

WHEREFORE, TI respectfully requests:

A.     A declaratory judgment that TI does not infringe any claim of U.S. Patent Nos. 6,697,415; 5,844,893; 5,740,366; 7,916,747; 6,665,536; 7,013,138; 7,107,052; 5,546,397; 7,710,907; 7,710,935; 6,714,559; 7,457,646; and 6,374,311;

B.     A declaratory judgment that claims of U.S. Patent Nos. 6,697,415; 5,844,893; 5,740,366; 7,916,747; 6,665,536; 7,013,138; 7,107,052; 5,546,397; 7,710,907; 7,710,935; 6,714,559; 7,457,646; and 6,374,311 are invalid;

C.     A judgment in TI's favor that Innovatio is not entitled to any relief with respect to its allegations against TI;

D.     That the Court declare this an exceptional case and award TI its costs, expenses

and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and all other applicable statutes, rules

and common law;

E.     Dismissal of Innovatio's Complaint with prejudice; and

F.     Such other and further relief as the Court may deem just and proper.

**TI'S JURY DEMAND**

TI hereby demands trial by jury on all issues so triable.

Dated: September 12, 2014                    Respectfully submitted,


                                             */s/ John A. Marlott*
                                             John A. Marlott
                                             jamarlott@jonesday.com
                                             Thomas W. Ritchie
                                             twritchie@jonesday.com
                                             JONES DAY
                                             77 West Wacker, Suite 3500
                                             Chicago, IL  60601.1692
                                             Telephone:     1.312.782.3939
                                             Facsimile:     1.312.782.8585

                                             Thomas R. Jackson (*pro hac vice pending*)
                                             trjackson@jonesday.com
                                             JONES DAY
                                             2727 North Harwood Street
                                             Dallas, Texas  75201.1515
                                             Telephone:     1.214.969.2978
                                             Facsimile:     1.214.969.5100

                                             Counsel for Defendant,
                                             *TEXAS INSTRUMENTS INCORPORATED*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 12, 2014, I electronically filed a copy of the foregoing document with the Clerk of the Court using the Court's CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ John A. Marlott*
John A. Marlott

CHI-1929816